McKEE v. McKEE.

(In Banc. April 13, 1942.)

[7 So. (2d) 540. No. 34878.]

Frank **A.** **Critz** and **B.** **H.** **Loving,** both of West Point, for appellant.

Thompson McClellan, of West Point, for appellee.

**Alexander, J.,** delivered the opinion of the court.

There is here involving the validity of a decree adjudicating appellant guilty of a contempt, and directing

confinement in jail. By a former decree appellant had been directed to pay to appellee for the support of their child certain specified sums at stated intervals. The appellant being wholly in default, a sworn petition for citation as for contempt was filed against him by appellee. The trial court decreed that citation be issued, and the record contains what purports to be a compliance therewith. The citation is as follows:

"The State of Mississippi ⎱ SS
   "Clay County ⎰

"The State of Mississippi to the Sheriff of Clay County: Greeting:

"You are hereby commanded to summon Robert McKee if it to be found in your county, to be and appear before the Honorable Chancery Court of Clay County, at the office of Chancellor in the Courthouse at Tupelo, Miss., Lee County, on the 16th day of June, 1941, at ten o'clock A. M. and on the first day of the Term then and there to answer petition asking that he be cited for contempt of Court and further to do and suffer such things as shall be considered and ordered by the Court aforesaid in the premises.

"And have then and there this Writ: with an endorsement thereon of the manner in which you shall have served the same.

"Witness my hand and seal of said Court, at office in West Point this the 14th day of May 1941.

                     "L. H. Miller      Clerk
"(Seal)                Mary W. Smith   D. C.''

Personal service on appellant is shown, but there was no appearance by pleading or otherwise. Decree adjudging the contempt and ordering imprisonment followed. Putting aside some minor irregularities as to the place for the hearing, which arose no doubt from an attempt to adapt a printed form to the special case, we come at once to the narrow question whether the citation is sufficient in this action.

Contempt proceedings are quasi criminal and their regularity must be adjudged in the light of the right of the defendant to be fully apprised of the nature of the action. Amis, Divorce and Separation in Mississippi, Sec. 276, p. 383; 17 C. J. S., Contempt, Sec. 78. A citation in contempt proceedings, which makes no reference to the number or style of the suit, nor otherwise makes specification of the acts constituting the alleged contempt, is a nullity, and a decree entered thereon in default of defendant's appearance is void. Grace v. State, 108 Miss. 767, 67 So. 212; Ex parte Redmond, 159 Miss. 449, 132 So. 328; Amis, op. cit., supra, Sec. 242; Griffith, Miss. Chancery Practice, Sec. 224. It is no answer to say that where a defendant is the husband of petitioner, it must be assumed that the defendant must, in turn, assume that the citation arose out of certain former litigation and that he knew whether and for what he was in contempt. We are dealing with a general and very salutary principle, compliance with which involves simple precaution on the part of the petitioner while non-compliance is potential with perplexity and inconsistent with due process.

In view of the necessity for a reversal of the decree in the contempt proceedings, we do not pass upon the validity of the original decree, conformity with which was sought by the petition for citation, and which is here collaterally attacked. It is relevant, however, to state that at the original proceedings the appellant was present in court.

Reversed and remanded.