510 So.2d 123 (1987)
MISSISSIPPI ASSOCIATION OF EDUCATORS, et al.
v.
TRUSTEES OF the JACKSON MUNICIPAL SEPARATE SCHOOL DISTRICT, et al.
No. 56457.
Supreme Court of Mississippi.
April 8, 1987.
On Petition for Rehearing July 29, 1987.
Patricia Hancock, Hancock & Hancock, Jackson, for appellants.
Kenneth E. Milam, Gary E. Friedman-Miller, Milam & Moeller, W. David Watkins, J. Perry Sansing-Brunini, Grantham, Grower & Hewes, Ben J. Piazza, Jr., Keyes, Moss, Piazza & Woods, Jackson, Clell G. Ward, Greenville, Edwin Lloyd Pittman, Atty. Gen. by Stephen J. *124 Kirchmayr, Deputy Atty. Gen. and Frankie Walton White, Asst. Atty. Gen., Jackson, for appellees.
Before WALKER, C.J., and DAN M. LEE and GRIFFIN, JJ.
GRIFFIN, Justice, for the Court:
This is an appeal from a temporary restraining order, preliminary and permanent injunctions, declaratory judgment, and citations for criminal contempt issued by the Hinds County Chancery Court which determined that a strike by public school teachers was illegal and contrary to public policy. Because the Mississippi Legislature subsequently addressed the problem of the right of public school teachers to engage in a strike, concerted work stoppage or concerted refusal to perform lawfully contracted for duties, the question of the propriety of the entry of the trial court's orders is moot.

I.
In response to a threatened strike by its teachers, Jackson Municipal Separate School District ("JMSSD"), the Trustees of JMSSD and JMSSD Superintendent of Education, Dr. Robert A. Fortenberry, (collectively JMSSD and Appellees herein), filed a complaint on February 22, 1985, in the Chancery Court of the First Judicial District of Hinds County, alleging that appellants were advocating an imminent strike against the JMSSD, that a strike would be illegal, and that the JMSSD would suffer various injuries as a result. JMSSD requested that the Chancellor issue a temporary restraining order without notice, a declaratory judgment delineating the rights of the parties, and other appropriate preliminary or permanent equitable relief. Named as defendants (appellants herein) was Mississippi Association of Educators ("MAE"), an unincorporated labor organization doing business in Mississippi, Alice Harden, president of the MAE, the Jackson Association of Educators (JAE), an organized local chapter of the MAE, and Carol Bunger, president of the JAE.
Based on allegations in the complaint of JMSSD, the Chancellor issued a temporary restraining order. By this order, appellants, their agents and members acting in concert with them, were enjoined from participating in a strike or concerted work stoppage against the JMSSD, and from using force, violence, intimidation or threats to coerce teachers to participate in a strike or concerted work stoppage against the JMSSD. The Chancellor scheduled a hearing for March 4 on the JMSSD's request for declaratory and preliminary injunctive relief. On February 23, the State of Mississippi, through the Attorney General, intervened as a plaintiff in the instant suit and was granted a temporary restraining order prohibiting appellants and those acting in concert with them from engaging in a strike or concerted work stoppage against any school district in the state.
On March 2, the first of fourteen school districts (appellees herein) from across the state filed application for intervention and requested temporary restraining orders similar to the order granted to the JMSSD. In each case, the chancellor allowed intervention and granted the requested temporary restraining order.
On March 4, the Chancellor conducted a hearing to determine whether a preliminary injunction should issue.
On March 11, the Chancellor entered a preliminary injunction prohibiting the MAE, its local affiliates, its President, its Executive Director, its members and agents, and all persons acting in concert with them from (1) engaging or participating in a strike or concerted work stoppage, (2) engaging in the use of force, violence, intimidation or threats to force members of the JMSSD or the intervening school districts to engage in a strike or concerted work stoppage, and (3) interfering in any manner with any persons attempting to report to work or to apply for employment with the JMSSD or the intervening school districts. The preliminary injunction was made permanent on March 15.
After allowing an opportunity for introduction of additional evidence and hearing legal arguments by counsel on March 15, the Chancellor granted a declaratory judgment *125 in favor of the State and the JMSSD and the intervening school districts. In his order, the Chancellor declared that, as a matter of law, a strike, concerted work stoppage, or concerted refusal to perform duties in any manner by the Defendants or teachers of the various school districts in Mississippi would be illegal, unprotected, and contrary to the public policy of the State of Mississippi. Furthermore, the Chancellor concluded that because teachers of the various school districts are public employees, they had no right to strike under the common law of Mississippi.
This case did not, however, end with the granting of the declaratory judgment and injunction. Based on a call by the MAE union for a statewide strike after the injunction had been obtained, the JMSSD and the intervening school districts sought a contempt citation against Appellants. This motion was filed in direct response to a vote taken by the MAE Board of Directors on March 12 and made public on March 13 in which the Board called for a statewide strike of all teachers to begin on Monday, March 18.
On March 18, the Chancellor conducted a hearing on the Motion for Contempt. At the hearing, counsel for Appellants, acting on behalf of Alice Harden, Herman Coleman, and the MAE Board, stipulated that on March 13, Harden, with the consent of the MAE Board, called for a statewide teachers' strike. Counsel for MAE indicated that a call for a statewide strike was not intended to apply to the fifteen school districts in the present litigation.
Based on this stipulation, the Chancellor found that Harden, Coleman, and the MAE Board were in contempt of court for willfully violating the preliminary injunction. Each defendant was sentenced to two days in jail, suspended, and fined $250 for attorney's fees.
In direct response to the 1985 teachers' strike, the Mississippi Legislature enacted S. 2876, which became effective on May 1, 1985. This law states in pertinent part:
(2) It is hereby declared that a strike, concerted work stoppage or concerted refusal to perform lawful duties in any manner by certified teachers against public school districts within the State of Mississippi shall be illegal, unprotected and contrary to the public policy of the State of Mississippi.
(3) No certified teacher, group of certified teachers or teacher organization shall promote, encourage or participate in any strike against a public school district, the State of Mississippi or any agency thereof.
S. 2876, 1985 Miss.Leg., Reg.Sess., enacted as Chapter 351, § 31, 1985 Miss. Laws.
The basis of appellants' present appeal are that no case law and no statute spoke to the issue of strike activity by public school teachers in this State prior to the case at bar; the issues of restraining orders, temporary or permanent injunction, and declaratory judgment as an absolute prohibition against all teacher strikes constituted a denial of due process and equal protection; and the Chancery Court had no jurisdiction of appellants for purposes of the contempt hearing, nor of intervening school districts outside Hinds County, Mississippi.

II.
Despite the intriguing constitutional issues presented in the case at bar, we decline rendering a decision on the trial court's ruling that public school teachers are public employees and, as such, have no right to strike. Nor will this Court attempt to evaluate appellants' arguments that prohibiting their right to strike is violative of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution. We choose, instead, in consideration of this appeal, to follow the unequivocal declaration of the legislature under S. 2876, which, having declared in statutory form that strikes by public school teachers are illegal and contrary to public policy, establishes the appeal of the chancellor's order as moot.
We have said that cases in which an actual controversy existed at trial but the controversy has expired at the time of review, become moot. Monaghan v. Blue Bell, Inc., 393 So.2d 466 (Miss. 1981). Further, *126 we have held that the review procedure should not be allowed for the purpose of settling abstract or academic questions, and that we have no power to issue advisory opinions. Insured Savings & Loan Ass'n v. State, 242 Miss. 547, 135 So.2d 703 (1961); McLendon v. Laird, 211 Miss. 662, 52 So.2d 497 (1951); Van Norman v. Barney, 199 Miss. 581, 24 So.2d 866 (1946).
This Court will not adjudicate moot questions. Monaghan, supra, at 467; Bradley v. State, 355 So.2d 675 (Miss. 1978); Stevens Enterprises, Inc. v. McDonnell, 226 Miss. 826, 85 So.2d 468 (1956); Sheldon v. Ladner, 205 Miss. 264, 38 So.2d 718 (1949).
Therefore, we take judicial notice of action by the legislature in so declaring strikes by public school teacher employees to be illegal and contrary to the public policy of this state, and accordingly dismiss the appeal. The case is moot. There is no strike and the Legislature has declared public policy.

III.
In another assignment of error appellants find fault with the Chancellor's decision to allow intervention in the suit filed by JMSSD by school districts located outside of Hinds County. This is also moot.

IV.
Finally, appellants assign as error the Chancellor's decision to hold them in contempt of court for having violated his orders prohibiting them from participating in an organized strike.
The statute giving the courts authority to punish any person for contempt is Miss. Code Ann. § 9-1-17 (1972). It reads, in pertinent part:
§ 9-1-17. Supreme, circuit, chancery, county courts may punish contempt.
The supreme, circuit, chancery and county courts shall have power to fine and imprison any person guilty of contempt of the court while sitting, but the fine shall not exceed one hundred dollars for each offense, nor shall the imprisonment continue longer than thirty days.
As recently as Hentz v. State, 496 So.2d 668 (Miss. 1986), this Court defined the two classes of criminal contempt provided for under § 9-1-17, and said as follows:

Criminal contempts are of two kinds, direct and constructive. The direct contempt is such disorderly, contemptuous or insolent behavior, committed during the session of the court and in its view and presence or so immediately in its environs, as interferes with the conduct of the public business and with the orderly administration of justice or tends to impair the respect due to the authority of the judicial tribunal; and of course, the behavior mentioned may consist of contemptuous language used as well as of other contemptuous acts. A constructive contempt is an act done, beyond the presence of the court, which tends to obstruct, interrupt, prevent, embarrass, belittle, degrade or corrupt the administration of justice. (emphasis in original)
On appeal, our review is limited to whether the judgment for contempt was "clear and explicit [constituting] res judicata, and [warranting] the appellate court in affirming, reversing, annulling, or modifying." Ex parte Redmond, 159 Miss. 449, 132 So. 328 (1931). Our perusal of the record has revealed no such clear and explicit evidence that the order placing appellants in contempt of court is well taken. Furthermore, in Hentz, supra, at 675, the Court held that the judgment of conviction should contain material facts known to the court constituting the contempt. Such is not the case here, as evidenced in the Chancellor's opinion which reads in part:
BY THE COURT:
I am going to take the position, and I may be wrong, that what Mr. Milam says is true. I saw it on television. I read it in the newspaper and the fact that they have tried to straighten the thing out; the fact that nobody is out on strike in Jackson or Hinds County, I am going to find them to be in contempt of Court. Here is what I am going to do: I am going to give them two days in jail but I am going to suspend the jail sentence *127 conditioned that they don't do this any more. I just can't put up with it. I don't want to put anybody in jail. I don't want to punish anybody. I just want them to comply with the Court order.
We do not believe that the trial court had before it sufficient facts to constitute a proper issuance of a contempt order; therefore, we reverse his decision therein.
Too, we would reverse the contempt findings of the trial court based upon its lack of jurisdiction over various named defendants, for failure to properly issue service of process.
The record shows that Herman Coleman, Alice Harden, Glozeddie Williamson, Lottie Catholic and Mary Kay Deen were not served with process: these defendants were named in contempt of court along with those who had been served.
As a contempt proceeding is quasi-criminal, a defendant has a right to be fully apprised of the nature of the action that is alleged to be in violation of a court order. McKee v. McKee, 192 Miss. 668, 7 So.2d 540 (1942). Service of process is required before a named person becomes a party to a motion, and knowledge by way of the media is not sufficient to bring the person before the court. See State for the Use and Benefit of Moak v. Moore, 373 So.2d 1011 (Miss. 1979).
Miss. Code Ann. § 9-5-87 (1972) is the statute addressing the power of the court in a situation where a party does not comply with the chancery court's injunction order or decree. It provides:
§ 9-5-87. Power to punish for violation of injunction.
The chancery court, or the chancellor in vacation, or judge granting the writ, shall have power to punish any person for breach of injunction, or any other order, decree, or process of the court, by fine or imprisonment, or both, or the chancellor or judge granting the writ may require bail for the appearance of the party at the next term of the court to answer for the contempt; but such person shall be first cited to appear and answer. And any person so punished by order of the chancellor in vacation, may on five days' notice to the opposite party, apply to a judge of the supreme court, who, for good cause shown, may supersede the punishment until the meeting of said chancery court.
And, in Frank Covington v. Anna Covington, 459 So.2d 780 (Miss. 1984), we said that where the statute is silent as to methods of service of notices (as it is here), the Mississippi Rules of Civil Procedure govern.
Therefore, under the governing rule on "Service: When Required"  Rule 5(a)  service of process was not complete and appellants may prevail herein.
AFFIRMED IN PART; REVERSED AND RENDERED IN PART.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.J.J., and DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
ANDERSON, J., not participating.

ON PETITION FOR REHEARING
THIS CASE comes before the Court on a Petition for Rehearing wherein the Court is urged to dismiss the injunction issued by the Chancellor or remand to the lower court for that purpose, since the basis for the opinion in this case was the mootness of the action after the adoption of Senate Bill 2876, Mississippi Laws of 1986. The Petition is well-taken inasmuch as said 1986 Act makes the entire matter moot and the opinion previously entered in this case is hereby clarified to so reflect. The injunction previously entered is hereby vacated.