605 So.2d 731 (1992)
JACKSON COUNTY SCHOOL BOARD
v.
Richard OSBORN.
No. 89-CA-0821.
Supreme Court of Mississippi.
June 3, 1992.
Rehearing Denied August 26, 1992.
*733 Margaret P. Ellis, Kitchens & Ellis, Karl Wiesenburg, Pascagoula, for appellant.
W. Lee Watt, Raymond L. Brown, Brown & Watt, Pascagoula, for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
House Bill 1127, Chapter No. 444, was enacted into law by the Mississippi Legislature in 1988. The Act provides that, upon request of the county school board, the board of supervisors of any county shall provide by order entered on its minutes that county board of education members shall be elected from single member districts created by the board of supervisors.
Sections 4 and 5 of the Act require that the Mississippi Attorney General submit the Act to the United States Attorney General for preclearance under the provisions of the federal Voting Rights Act of 1965. The Act would not become effective until this preclearance was obtained.
On September 13, 1988, a private citizen, Richard Osborn, filed a petition for a writ of mandamus, demanding that the circuit court compel the Jackson County Board of Education to adopt a resolution requesting the Board of Supervisors to create single member districts.
While the trial was in progress the School Board learned of the final clearance of the Act and it was announced in open court that the School Board would meet to adopt the necessary resolution submitting the matter to the Board of Supervisors. The Board requested that the hearing be deferred until after the meeting and the hearing was recessed.
After the School Board adopted the resolution provided for in the Act, the Board requested that Osborn dismiss his suit as moot and that each party bear its own cost. Osborn declined as he had requested attorney fees. The School Board then asked for dismissal of the mandamus petition to prevent it from seeking remedies available under the Litigation Accountability Act of 1988, and Osborn again declined to dismiss that portion of the petition requesting reasonable attorney fees. The School Board then gave notice that it would seek necessary action under the Litigation Accountability Act of 1988 and/or under M.R.C.P. 11.
The case came on for hearing again on October 28, 1988, to hear Osborn's request for attorney fees and the Board's request for sanctions and relief under the Litigation Accountability Act of 1988. At the conclusion of the trial the circuit judge found that Osborn should be granted attorney fees and costs for pursuing the writ of mandamus and the Board should not be granted sanctions or attorney fees. Subsequently the circuit judge also denied the Board's motion for relief from judgment or a new trial.

I.

DID THE CIRCUIT COURT ERR IN NOT DISMISSING THE PRIVATE MANDAMUS ACTION FILED BY OSBORN FOR WANT OF STANDING AND LACK OF JURISDICTION?
By the authority of Miss. Code Ann. § 9-7-81 (1972), § 11-41-1 (1972 and Supp. 1991) and § 11-41-3 (1972 and Supp. 1991), the circuit court clearly has jurisdiction over mandamus actions. The trial judge was not manifestly wrong in not dismissing Osborn's action for lack of jurisdiction.
The Board claims that Osborn did not have standing to maintain an action under the Voting Rights Act of 1965 because he was not a black citizen of the United States whose Fifteenth Amendment rights had been abridged by state law. We point out that Osborn's petition for writ of mandamus was brought under Mississippi Code Annotated § 11-41-1 (1972), rather than the Voting Rights Act of 1965, and the argument of the Board on this point is without merit.
However, a mandamus action may only be brought in circuit court "by the state, by its Attorney General or by a district *734 attorney, ... or on the complaint of any private person who is interested... ." Miss. Code Ann. § 11-41-1. Osborn was clearly a private person, but his testimony was that he had no interest separate from or in excess of that of the general public.
Ordinarily only the attorney general or a district attorney may seek writs of mandamus; a private person may petition if he can show an interest separate from or in excess of that of the general public. Fondren v. State Tax Com., 350 So.2d 1329, 1332 (Miss. 1977). As Osborn admits to no separate interest, he was not a proper party to seek a writ of mandamus and the circuit judge should have dismissed the action for want of standing. Failure of the circuit judge to do so was manifest error and requires reversal by this Court.

II.

DID THE CIRCUIT JUDGE ERR IN HOLDING THAT HOUSE BILL 1127, CHAPTER 444 OF THE LAWS OF 1988 IMPOSED A MANDATORY DUTY UPON THE JACKSON COUNTY BOARD OF EDUCATION TO REQUEST THE JACKSON COUNTY BOARD OF SUPERVISORS TO REDISTRICT SO AS TO CREATE SINGLE MEMBER DISTRICTS PRIOR TO PRECLEARANCE OF THE STATE ACT BY THE UNITED STATES ATTORNEY GENERAL?
Section 5 of H.B. 1127 provides that the Act "shall take effect and be in force from and after the date it is effectuated under Section 5 of the Voting Rights Act of 1965, as amended and extended." Section 5 of the Voting Rights Act of 1965, 42 U.S.C.S. § 1973c, requires federal approval of changes in voting requirements or procedures of states covered by the Act to prevent any changes which might deny or abridge the right to vote on account of race or color. Perkins v. Matthews, 400 U.S. 379, 381-82, 91 S.Ct. 431, 433-34, 27 L.Ed.2d 476 (1971), on remand 336 F. Supp. 6 (S.D.Miss. 1971). Section 5 of the Act requires prior clearance before proposed changes may be put into effect. Georgia v. United States, 411 U.S. 526, 529, 93 S.Ct. 1702, 1705, 36 L.Ed.2d 472 (1973). Statutes subject to preclearance requirements of the Act are ineffective as laws until cleared by federal authorities. NAACP v. Hampton County Election Com., 470 U.S. 166, 105 S.Ct. 1128, 84 L.Ed.2d 124 (1985).
As H.B. 1127 was not effective until it was precleared, the Board of Education was not required to follow the Act until the clearance had been obtained. There was no duty to adopt a resolution regarding redistricting until preclearance by the United States Attorney General was obtained. The circuit judge was manifestly wrong in finding that H.B. 1127 imposed a mandatory duty upon the Board of Education to adopt a resolution requesting the Board of Supervisors to redistrict the Jackson County School District into single member districts prior to preclearance. This manifest error mandates reversal.

III.

WAS IT ERROR TO ENTER JUDGMENT AGAINST THE JACKSON COUNTY BOARD OF EDUCATION FOR ATTORNEY FEES UNDER THE THEORY THAT THE PLAINTIFF WAS A PREVAILING PARTY UNDER THE FEDERAL VOTING RIGHTS ACT OF 1965?
The simple answer to this inquiry is yes it was error. First, this was not an action under the Voting Rights Act of 1965. Second, Osborn lacked standing to bring the petition for writ of mandamus. Third, under the state law under which the action was brought, the Board at the time the suit was filed had no duty to perform the acts requested by Osborn prior to federal preclearance of the state Act. Fourth, upon notice of federal preclearance of the Act, the School Board took the action required of them, making the petition for writ of mandamus moot. The action should have been dismissed, [State ex rel. Horton v. Lawrence, 121 Miss. 338, 83 So. 532 (1920)], which would have made the question of attorney fees moot. We do not adjudicate moot questions. Mississippi *735 Ass'n of Educators v. Trustees of Jackson Mun. Separate School Dist., 510 So.2d 123, 126 (Miss. 1987).
It was therefore error to award attorney fees and under the American rule followed by the courts in Mississippi where there is no statute or contract provision for imposition of attorney fees, they are not recoverable. Grisham v. Hinton, 490 So.2d 1201, 1205 (Miss. 1986).
The lower court was manifestly wrong in finding that attorneys fees should be awarded and his decision on this issue is therefore reversed.

IV.

DID THE LOWER COURT ERR IN HOLDING THAT OSBORN'S MANDAMUS ACTION WAS NOT FRIVOLOUS, MERITLESS, AND GROUNDLESS AND NOT SUBJECT TO THE IMPOSITION OF ATTORNEY FEES UNDER THE PROVISIONS OF THE LITIGATION ACCOUNTABILITY ACT OF 1988?
The Litigation Accountability Act of 1988, Miss. Code Ann. § 11-55-1, et seq. (Supp. 1991), applies to all suits, claims, defenses, or appeals perfected subsequent to July 1, 1988. Miss. Code Ann. § 11-55-15 (Supp. 1991). The petition for writ of mandamus which is the basis of this appeal was filed in September, 1988.
The Accountability Act provides that the court shall award attorney fees against a party or attorney if the court finds that an action, claim or defense is without substantial justification, was interposed for delay or harassment, or if an attorney or party unnecessarily expanded the proceedings by other improper conduct. Miss. Code Ann. § 11-55-5(1) (Supp. 1991). Factors to consider when determining whether to assess attorney fees pursuant to § 11-55-5 are as follows:
(a) The extent to which any effort was made to determine the validity of any action, claim or defense before it was asserted, and the time remaining within which the claim or defense could be filed;
(b) The extent of any effort made after the commencement of an action to reduce the number of claims being asserted or to dismiss claims that have been found not to be valid;
(c) The availability of facts to assist in determining the validity of an action, claim or defense;
(d) Whether or not the action was prosecuted or defended, in whole or in part, in bad faith or for improper purpose;
(e) Whether or not issues of fact, determinative of the validity of a party's claim or defense, were reasonably in conflict;
(f) The extent to which the party prevailed with respect to the amount of and number of claims or defenses in controversy;
(g) The extent to which any action, claim or defense was asserted by an attorney or party in a good faith attempt to establish a new theory of law in the state, which purpose was made known to the court at the time of filing;
(h) The amount or conditions of any offer of judgment or settlement in relation to the amount or conditions of the ultimate relief granted by the court;
(i) The extent to which a reasonable effort was made to determine prior to the time of filing of an action or claim that all parties sued or joined were proper parties owing a legally defined duty to any party or parties asserting the claim or action;
(j) The extent of any effort made after the commencement of an action to reduce the number of parties in the action; and
(k) The period of time available to the attorney for the party asserting any defense before such defense was interposed.
Miss. Code Ann. § 11-55-7 (Supp. 1991).
Applying these factors to the record before us, the trial judge could have decided either that attorney fees were or were not to be assessed. He decided they were not. The question before us is whether this decision was an abuse of discretion.
From the letters offered by Osborn regarding federal preclearance, it would seem that an effort was made to determine *736 the validity of the action before it was asserted. After the action was commenced, Osborn did not make an effort to dismiss when he learned that his claim was moot, although the Board suggested this both by telephone and by letter. There is nothing in the record, however, that tends to show that the action was prosecuted in bad faith or for an improper purpose. There were no issues of fact determinative of the validity of the claim in conflict at the time of the first hearing. At this point, both parties agreed that the Act had obtained federal approval. There was no prevailing party as Osborn's claim became moot via action of the Board following the first hearing. Osborn's claim was not asserted to establish a new theory of law in the state, or if it was, no such purpose was made known to the court at the time of filing. The Board suggested a voluntary dismissal with each party bearing its own costs; the trial judge ultimately granted attorney fees to Osborn. Evidently no reasonable effort was made prior to filing this action to determine whether the Board owed any legally defined duty to Osborn, as Osborn would have learned he lacked standing to assert the claim.
It is not clear that Osborn's claim was without substantial justification; therefore, it cannot be said that the trial judge was manifestly wrong. Therefore, his decision not to award attorneys fees under the Litigation Accountability Act of 1988, Miss. Code Ann. § 11-55-1, et seq. (Supp. 1991), is Affirmed.
AFFIRMED IN PART; REVERSED AND RENDERED IN PART.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON and PITTMAN, JJ., concur.
DAN M. LEE, P.J., concurs in result only.
BANKS, J., concurs in part and dissents in part with separate written opinion.
McRAE, J., not participating.
BANKS, Justice, concurring in part, dissenting in part:
Because I believe that the Petition for Writ of Mandamus was clearly frivolous, it is my view that the circuit judge was manifestly in error for not awarding sanctions under Rule 11, Miss. Rules of Civil Procedure and the Litigation Accountability Act of 1988. I, therefore, dissent from that portion of the majority opinion which affirms the circuit judge's failure to do so.