# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-IA-00385-SCT

*CITY OF JACKSON, JACKSON CITY COUNCIL
AND THE JACKSON PUBLIC SCHOOL DISTRICT*

*v.*

*CAROLYN GREENE AND CHARLES TISDALE*

| | |
|---|---|
| DATE OF JUDGMENT: | 2/26/2003 |
| TRIAL JUDGE: | HON. TOMIE T. GREEN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | SAMUEL L. BEGLEY |
| | TERRY WALLACE |
| | ELIZABETH LEE MARON |
| | W. DAVID WATKINS |
| ATTORNEY FOR APPELLEES: | IMHOTEP ALKEBU-LAN |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND RENDERED - 04/08/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., COBB, P.J., AND CARLSON, J.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     On February 14, 2003, two parents who have children in the Jackson Public School District ("JPS"), Carolyn Greene and Charles Tisdale ("parents"), filed a bill of exceptions pursuant to Miss. Code Ann. § 21-39-11 (Rev. 2001) & § 11-75-51 (Rev. 2002) in the Hinds County Circuit Court, First Judicial District.  The bill of exceptions alleged that Council members Leslie McLemore and William "Bo" Brown should have recused themselves from a Jackson City Council vote on February 4, 2003, which confirmed the Mayor's appointment of two members to the JPS Board of Trustees.  Moreover, the bill of exceptions

alleged that there would have been no quorum to support the vote if McLemore and Brown had recused themselves. The bill sought reversal of this vote. The parents also filed a motion for temporary restraining order and preliminary injunction.

¶2. The circuit court granted a temporary restraining order after a hearing. The circuit court concluded that the parents had "substantially met the criteria for [the] court to grant a temporary restraining order." The court ordered the Council to "maintain the status quo of the school board's membership as of February 3, 2003, prior to the mayor and city council's approval of two (2) new board members."

¶3. The circuit court held a hearing on the parents' motion for preliminary injunction. At the hearing, the court allowed two witnesses to testify; moreover, the court considered various documents submitted by the parties.[1] After the hearing, the circuit court granted the parents' motion for preliminary injunction. The circuit court claimed that it limited its ruling to "whether the February 4, 2003 vote by the Jackson City Council should be set aside inasmuch as there was no proper quorum to sustain the validity of the confirmation of Jonathan Larkins and Maggie Benson White." However, the court also held that Councilman Brown's attempt to revoke his recusal could not be legally accomplished pursuant to this Court's holding in *Frazier v. State ex rel. Pittman*, 504 So.2d 675, 695 (Miss. 1987). Moreover, the court concluded that no quorum existed to sustain the Council's February 4, 2003, vote. The court ordered that the "status quo of the Board's membership as of February 3, 2003 remain unchanged until such time as the eligible councilpersons can properly establish a quorum and confirm the Mayor's appointments to the JPS school board." Moreover, the circuit court held:

---

[1]Specifically, the court heard testimony from Eddie Jean Carr, the City Clerk, and William "Bo" Brown. In addition, the court considered affidavits submitted by the parents, as well as Mississippi Ethics Commission advisory opinions.

> [C]ouncil members who had not recused as of February 3, 2003, thereby making them eligible to establish a quorum and vote to confirm the school board appointments are...Crisler, Barrett-Simon, McLemore, and Stokes....[T]he court opines that Councilman Brown should be held precluded from the vote and quorum consistent with his (four) recusals between January 13th and January 28, 2003.

The circuit court found that the necessary requirements for a preliminary injunction had been satisfied. Furthermore, the circuit court denied the City's motion to dismiss and dismissed JPS by agreement of the parents and JPS.

¶4. The circuit court denied the City's motion for a stay of the preliminary injunction and an order granting interlocutory appeal. This Court granted the City's petition for interlocutory appeal and a stay of the preliminary injunction pending the Court's determination of the appeal. *See* M.R.A.P. 5 & 8.

¶5. We find that the bill of exceptions alleges ethical misconduct, and the circuit court addressed this issue and ruled upon it. While any person may file a complaint with the Mississippi Ethics Commission ("Commission"), under our law, only local district attorneys, the Attorney General, or the Commission itself may file direct actions in court challenging the ethical conduct of public officials. As a result, we find that the parents are not "person[s] aggrieved" for purposes of Miss. Code Ann. § 11-75-51, and they do not meet the statutory requirements to file a bill of exceptions under the facts presented here. The parents' sole remedy for the alleged ethical violations was to file a complaint with the Commission. The circuit court erred in concluding otherwise, and we reverse and render.

**FACTS**

¶6. Harvey Johnson, Mayor of the City of Jackson, Mississippi, nominated Jonathan Larkin and Maggie Benson White to serve on the Jackson Public Schools Board of Trustees ("Board"). The confirmation hearing on the appointments was set for January 13, 2003. On that date, six of the seven Jackson City Council ("Council") members were present: Ben Allen, William "Bo" Brown, Marshand

3

Crisler, Betty Dagner-Cook, Leslie McLemore, and Margaret Barrett-Simon. Councilman Kenneth Stokes absented himself from the proceeding. Moreover, Council members Allen, Brown,[2] and Dagner-Cook recused themselves from the hearing, leaving only three members present. Because the three remaining members did not constitute a quorum, there was no vote on the school board appointments. The vote was therefore rescheduled to take place during the Council's regular meeting on January 14, 2003.

¶7. On January 14, 2003, the same members of the council were present. Council members Allen, Cook, and Brown again recused themselves from the confirmation hearing. Because there was no quorum, there was no vote on the appointments. The hearing was rescheduled two additional times for January 21, 2003, and January 28, 2003. According to the City Clerk, there was no vote on the school board appointments on either date. Moreover, the Clerk's notes did not reflect the reason for rescheduling the confirmation vote, and the Clerk could not recall whether any councilperson recused at those hearings. The confirmation hearing was therefore rescheduled for February 4, 2003. On that date, Councilman Brown participated in the confirmation hearing and did not recuse himself. Council members Crisler, McLemore, and Barrett-Simon voted to confirm the appointments. Councilman Brown did not vote for or against the confirmations - rather, he raised his hand to indicate that he abstained from the vote. Thus, the appointments were confirmed because three of the four Council members present voted in favor of the appointments.

¶8. Carolyn Greene and Charles Tisdale are residents of the City of Jackson, Mississippi ("the City"). Both have a child enrolled in the JPS. Aggrieved by the judgment below, the City of Jackson, Jackson

---

[2]The record indicates that Brown's wife and daughter are both employed by the Jackson Public Schools (JPS).

City Council, and JPS (collectively, "the City") raise seven issues on appeal. Because issues one and two are dispositive of this action, we need not consider the remaining assignments of error.

## DISCUSSION

¶9. "When the issues presented on an interlocutory appeal are questions of law, this Court will review those issues de novo." *Sanderson Farms, Inc. v. Gatlin*, 848 So. 2d 828, 841 (Miss. 2003). The first two issues in this case are intertwined and present questions of law; therefore, we will consider them together, applying the de novo standard.

> **I.  WHETHER THE PARENTS HAVE STANDING TO FILE A BILL OF EXCEPTIONS IN THIS CASE.**
>
> **II.  WHETHER THE PARENTS HAVE STANDING TO CHALLENGE ETHICAL CONDUCT OF MEMBERS OF THE CITY COUNCIL.**

¶10. The parents initiated this action pursuant to Miss. Code Ann. § 11-51-75, which authorizes "[a]ny person aggrieved" by a judgment or decision of a city to appeal to the circuit court utilizing a bill of exceptions. In considering an appeal initiated pursuant to Miss. Code Ann. § 11-51-75, this Court has held that any "act of a municipality which leaves a party aggrieved is appealable to the circuit court where all of the issues of the controversy are finally disposed of by order of the municipal authorities." *McPhail v. City of Lumberton*, 832 So.2d 489, 491 (Miss. 2002). Although Miss. Code Ann. § 11-51-75 provides the appropriate procedure for appealing decisions of a municipal body, "[i]t does not in any way confer standing." *Burgess v. City of Gulfport*, 814 So.2d 149, 153 (Miss. 2002).

¶11. While we have not passed on the issue of standing in a case involving facts similar to those presented here, our general decisions on standing are instructive. Compared to the stringent definition of standing applied by the federal courts, it is true that Mississippi's standing requirements are "quite liberal." *Id*. at 152 (quoting *State v. Quitman County*, 807 So.2d 401, 405 (Miss. 2001)). The federal

definition of "standing" is limited by Art. III, § 2 of the United States Constitution to a review of actual cases and controversies. 807 So. 2d at 405. However, "the Mississippi Constitution contains no such restrictive language" and, unlike the United States Constitution, does not limit review to actual cases and controversies. *Id.* As the parents correctly point out, "this Court has been more permissive in granting standing to parties who seek review of governmental actions." *Id.* (internal quotation marks & citations omitted). *See also Fordice v. Bryan*, 651 So.2d 998, 1003 (Miss. 1995); *Van Slyke v. Board of Trustees*, 613 So.2d 872, 875 (Miss. 1993); *Dye v. State ex rel. Hale*, 507 So.2d 332, 338 (Miss. 1987).

¶12.    Generally, under this Court's jurisprudence, "parties may sue only where they assert a colorable interest in the subject matter of the litigation or experience an adverse effect from the conduct of the defendant, or as otherwise authorized by law." *Saucier v. Biloxi Reg'l Med. Ctr.*, 708 So.2d 1351, 1355 (Miss. 1998). *See also State v. Quitman County*, 807 So.2d at 405 (holding that county in a suit against the State of Mississippi "asserted a colorable interest in the existing county-based system of indigent defense funding" because it, as a county, was "the entity which our Legislature has required to provide indigent defense funding"); *Dye*, 507 So.2d at 338 (holding that standing to sue is conferred upon any party adversely affected or impacted by the defendant's conduct or actions); *White Cypress Lakes Dev. Corp. v. Hertz*, 541 So.2d 1031, 1034 (Miss. 1989) (holding that a subdivision homeowner had standing to sue for enforcement of restrictive covenants if he or she presented to the court a colorable claim that the conduct of the development company had, and was having, an adverse effect upon the homeowner's property); *Luter v. Oakhurst Assocs., Ltd.*, 529 So.2d 889 (Miss. 1988) (holding that owners of residential property near property which was subject of zoning dispute had standing to appeal

6

decision adverse to town when town chose not to appeal); *Belhaven Improvement Ass'n, Inc. v. City of Jackson*, 507 So.2d 41, 47 (Miss. 1987) (holding that "[f]or standing, the person(s) aggrieved,…whether one or more, should allege an adverse effect different from that of the general public.").

¶13. In *Burgess*, the Gulfport City Council voted to approve and accept a recommendation to issue a certain tree removal permit. 814 So. 2d at 150. A group of residents filed a bill of exceptions pursuant to Miss. Code Ann. § 11-51-75 challenging the Council's decision to approve and accept the recommendation. *Id.* The residents did not own the real property at issue. *Id.* at 153. Moreover, the residents did not allege that they owned the land around the property or that the property was affected in an adverse manner. *Id.* Thus, the Court held that the residents failed to show a colorable interest in the subject matter of the litigation. *Id.*

¶14. In *Burgess*, this Court also concluded that a party challenging a municipal decision under Miss. Code Ann. § 11-51-75 has the burden of "demonstrat[ing] a specific impact or harm felt by him that was not suffered by the general public." *Id.* at 153 (citing *City of Madison v. Bryan*, 763 So.2d 162 (Miss. 2000)). That is, the fact that a person resides in a municipality alone is insufficient to confer standing. Because the residents did not show a colorable interest in the subject matter of the controversy and residency in a municipality alone is insufficient to confer standing for purposes of Miss. Code Ann. § 11-51-75, the Court held that the residents did not have standing. *Id.*

¶15. With respect to the parents' ability to challenge the Council's ethical conduct, the Mississippi Ethics in Government statutes authorize the Mississippi Ethics Commission to investigate "any alleged violation of law by public officials or public employees" when it receives a signed complaint from "any person,

7

including any member of the commission or its staff." Miss. Code Ann. § 25-4-19 (Rev. 2003). If probable cause exists "for belief that a violation of law has occurred," the Commission must refer the complaint and any evidence obtained during its investigation to the Mississippi Attorney General and the district attorney having jurisdiction. *Id*. § 25-4-21. The Commission must also submit "a recommendation that [the alleged violation] be considered for presentation to the grand jury, as well as any further recommendations for seeking civil remedies." *Id*. The Commission, Attorney General, or any governmental entity directly harmed may seek civil remedies for ethical violations. *Id*. §§ 25-4-19(g)(ii) & 25-4-113. Thus, as we have pointed out, the Commission is authorized "to pursue legal remedies when it believes such action is called for." ***Bd. of Tr. of State Insts. of Higher Learning v. Ray***, 809 So.2d 627, 634 (Miss. 2002) (citing Miss. Code Ann. § 25-4-19). Furthermore, Article 3 of the Mississippi Ethics in Government provisions provides:

> (1) Any complaint for a violation of this article shall be brought in the circuit court of the county in which the violation occurred; provided, however, that upon the motion of the defendant such action shall be removed to the county in which the defendant resides. **Any such complaint may be initiated only by the Mississippi Ethics Commission or the district attorney of the county in which the violation occurred**.

Miss. Code Ann. § 25-4-107 (Rev. 2003) (emphasis added). A review of the applicable code sections indicates that the Legislature has enacted no provision conferring on citizens the power to bring direct actions in court against public officials for violating the ethics laws. Rather, the Mississippi Code empowers only public bodies or officers like the Commission, local district attorneys, the Attorney General, or a governmental entity harmed by the violation to bring such actions.

¶16.     Here, the bill of exceptions filed by the parents states in pertinent part:

> Appellees appeal from the February 4, 2003 action of the City of Jackson and Jackson City Council appointing Jonathan Larkin and Maggie Benson-White to the Jackson Public

8

School board when **Jackson City Councilmen William "Bo" Brown and Leslie McLemore did not recuse themselves and leave the room**, as Brown had done on all previous votes involving Jackson Public Schools. **Brown's wife and daughter are teachers in the Jackson Public Schools. McLemore's wife, Betty Mallette, is an attorney working for the law firm McGlinchey Stafford which does a substantial amount of business with the Jackson Public Schools.** Appellees seek a reversal of the vote of February 4, 2003 and that it be declared null and void and of no force and effect.

* * *

This vote was arbitrary, capricious, discriminatory, illegal, invalid and void. **Councilman William "Bo" Brown should have recused himself from the vote because his wife is a teacher in the Jackson Public Schools…Moreover, Councilman Leslie McLemore should have recused himself and left the room. His wife, Betty Mallette**, is an attorney working in the law firm **McGlinchey Stafford which does a substantial amount of business with the Jackson Public Schools.**

* * *

**If either Councilmen Brown or McLemore had recused themself [sic], as they were ethically required to do, the City Council would not have had a quorum to vote on the appointment to the Jackson Public Schools.** The Jackson City Council vote was therefore illegal, invalid, and void and should be so declared.

(emphasis added).

¶17.    Under the facts presented here, we must read Miss. Code Ann. § 11-51-75 in light of the Mississippi Ethics in Government provisions. It is true that any person aggrieved by a municipal board decision may file a bill of exceptions challenging that decision. But where a person objects to unethical conduct by that body, he or she is only entitled to file a charge with the Mississippi Ethics Commission for investigation and subsequent action in the courts. That is the procedure which these individuals here should have followed. The Commission should then investigate the individual's allegations. Upon finding probable cause for believing that a violation has occurred, the Commission is statutorily commanded to refer all complaints and evidence gathered during its investigation to the Attorney General and the local district attorney having jurisdiction for prosecution.

9

¶18. The parents' bill of exceptions seeks reversal of the confirmations based on the assertion that there was no quorum present to support the vote. The parents reason that there was no quorum because certain council members should have or were required to recuse themselves from the vote due to alleged conflicts of interest. Thus, the bill of exceptions was unquestionably couched in terms of a challenge to the ethical conduct of two council members.

¶19. It is fundamental in our democratic system of government that citizens will seek redress if they conclude an elected official, a person who holds the public trust, has violated this State's Ethics in Government laws. The Legislature has enacted a comprehensive statutory framework giving the people of this State the power to see that public officials carry out their duties in an ethical manner. The exercise of this power is carried out through the filing of complaints against public officials when unethical acts are committed. A citizen might initiate, through her complaint with the Commission, an investigation which ultimately leads to civil or criminal penalties against the wrongdoer. She may not, however, file a direct challenge in court against a public official for alleged violations of the Ethics in Government statutes. Moreover, the Legislature has clearly mandated that **only** the Commission and local district attorneys may file actions in court for a public official's violation of the conflict of interest provisions. Miss. Code Ann. § 25-4-107 (Rev. 2003).

¶20. We find that the parents' bill of exceptions is clearly a challenge to the ethical conduct of two Council members. While the parents might be offended or even outraged by the alleged ethical violations in this case, their sole remedy is to file a complaint with the Commission. Instead, they chose to file a bill of exceptions in circuit court alleging ethical misconduct. Reading § 11-51-75 in light of the Ethics in Government statutes, we find that the parents do not qualify as "person[s] aggrieved" for purposes of

Section 11-51-75. The parents' allegations concern ethical violations, a subject which, by legislative mandate, is left to public bodies for action in a court of law.

## CONCLUSION

¶21.    For the foregoing reasons, we reverse the judgment, including the preliminary injunction and temporary restraining order, of the Hinds County Circuit Court, and we render judgment here dismissing the parents' bill of exceptions for lack of standing.

¶22.    **REVERSED AND RENDERED.**

**WALLER, AND COBB, P.JJ., CARLSON, GRAVES AND DICKINSON, JJ., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**