# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-CA-00960-SCT

*COURTNEY ALDRIDGE AND KEVIN COLBERT,
INDIVIDUALLY AND ON BEHALF OF OTHER
CONCERNED CITIZENS OF THE CITY OF
NATCHEZ, MISSISSIPPI*

*v.*

*PHILLIP C. WEST, IN HIS CAPACITY AS MAYOR
OF THE CITY OF NATCHEZ, MISSISSIPPI;
JOYCE T. ARCENEAUX; JAMES E. GRAY, JR.;
ROBERT E. POLLARD, THEODORE J. WEST,
DAVID M. MASSEY; AND JOHN W.
MIDDLETON, JR., IN THEIR OFFICIAL
CAPACITIES AS ALDERWOMAN AND
ALDERMEN OF THE CITY OF NATCHEZ,
MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/09/2005 |
| TRIAL JUDGE: | HON. MIKE SMITH |
| COURT FROM WHICH APPEALED: | ADAMS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | WALTER KEVIN COLBERT |
| ATTORNEY FOR APPELLEES: | L. CLARK HICKS, JR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED 05/18/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GRAVES, JUSTICE, FOR THE COURT:**

¶1. Appellees voted to hire a policeman without going through the Civil Service

Commission. Appellants, as concerned citizens, filed a Complaint for Writ of Mandamus

to require appellees to comply with applicable law. Appellees filed a Motion to Dismiss, which the circuit court granted. Appellants now challenge the decision of the circuit court. We find appellants lacked standing to bring the instant action and affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2. At a city board meeting on October 12, 2004, Natchez alderman Theodore West made a motion to rehire Willie B. Jones as a patrolman with the city's police department. Some aldermen questioned the propriety of the action because it circumvented the Civil Service Commission's ("CSC") authority to make such employment decisions. The city's attorney, Walter Brown, even stated that the Board of Alderman did not have the authority to employ, re-employ, or promote a police officer because such a decision must first be submitted to the CSC. Despite the advice of the city's attorney, Jones was rehired by a 4-3 margin, with Mayor Phillip West casting the deciding vote.

¶3. Courtney Aldridge and Kevin Colbert ("Plaintiffs"), as concerned citizens, filed a Complaint for Writ of Mandamus against the Mayor and Board of Aldermen of Natchez ("Board") in the Circuit Court of Adams County on November 22, 2004. Plaintiffs alleged the Board had acted in direct violation of Miss. Code Ann. Section 21-31-13 by rehiring Willie Jones and that all citizens of Natchez had been aggrieved by the Board's actions. In seeking a Writ of Mandamus, plaintiffs asked the court to command the Board to: (1) rescind their illegal vote, (2) discharge Willie Jones from his position, (3) repay the city any salary,

2

costs, or expenses associated with the illegal hiring of Jones, and (4) abide by all state statutes and all CSC rules and regulations regarding the hiring of police officers.

¶4. Plaintiffs later filed an amended complaint on February 11, 2005. In the amendment, plaintiffs alleged that Willie Jones was being paid in violation of the Board's November 9th decision to disallow payment of Jones' salary until it received a ruling from the Attorney General's Office concerning the propriety of Jones' hiring. The Board filed motions to dismiss both the initial and amended complaints. Both circuit judges recused themselves from this matter, and we appointed Mike Smith as Special Judge to hear the case.

¶5. Judge Smith held a hearing on the Board's motions for dismissal on April 19, 2005, and ultimately granted the motions to dismiss. In dismissing Plaintiffs' complaints, the judge ruled that Plaintiffs' exclusive remedy was to seek an investigation by the CSC under Miss. Code Ann. Section 21-31-23, and that the circuit court was without jurisdiction to direct the city to terminate or reinstate a police officer. Plaintiffs timely filed their notice of appeal and raise three issues on appeal.

## DISCUSSION

¶6. "This Court reviews errors of law, which include summary judgments and motions to dismiss, de novo." *City of Jackson v. Perry*, 764 So. 2d 373, 376 (Miss. 2000).

### I. Applicability of Miss. Code Ann. Section 21-31-23.

¶7. Plaintiffs contend the trial court erred in ruling it was without jurisdiction to hear their Complaint for Writ of Mandamus and that the CSC had exclusive jurisdiction of the matter.

3

They note that the trial court was correct in asserting private citizens may only bring a mandamus action "to compel public officials and bodies to act only as to non-discretionary duties plainly required by law." *Hobson v. City of Vicksburg*, 848 So. 2d 199, 202 (Miss. Ct. App. 2003) (*citing USPCI of Miss., Inc. v. State ex rel. McGowan*, 688 So. 2d 783, 789 (Miss. 1997); *Jackson County Sch. Bd. v. Osborn*, 605 So.2d 731, 734 (Miss. 1992); *Powell v. State Tax Comm'n*, 233 Miss. 185, 101 So. 2d 350, 352-53 (1958)). Additionally, plaintiffs do not challenge the trial court's assertion that CSC provides the only forum for a terminated public employee to contest his dismissal and seek reinstatement. *See City of Jackson v. Thomas*, 331 So. 2d 926, 927 (Miss. 1976). The plaintiffs do, however, challenge the trial court's finding that Miss. Code Ann. Section 21-31-23 is applicable to them and is their exclusive remedy.

¶8. The plain language of Section 21-31-23 provides the civil servant himself, not an outside party (such as Plaintiffs), the right to seek an investigation into his removal, suspension, etc., as this section states in part:

> [a]ny person so removed, suspended, demoted, discharged or combination thereof may, within (10) days from the time of such disciplinary action, file with the commission a written demand for an investigation, whereupon the commission shall conduct such investigation.

Miss. Code Ann. § 21-31-23 (Rev. 2001). Because Plaintiffs are not civil servants under this statutory scheme and have not been discharged from such a position, they do not have standing to seek an investigation under this provision. Furthermore, Jones himself would not have the benefit of this provision if, as plaintiffs argue, he was illegally hired by the Board

4

because he would not be a civil servant who was "permanently appointed or inducted into civil service under the provisions of Sections 21-31-1 through 21-31-27." *See* Miss. Code Ann. § 21-31-23.

¶9.     We find the trial court's dismissal of the instant case was erroneous to the extent it was predicated on a finding that Miss. Code Ann. Section 21-31-23 applied to Plaintiffs. Because Plaintiffs were not civil servants contesting their dismissal or seeking a reinstatement to a former position, they clearly did not have standing to seek an investigation under Section 21-31-23.  While Plaintiffs may be able to seek an investigation under another statutory provision, i.e., Miss. Code Ann. Section 25-4-21, they clearly could not obtain relief under Section 21-31-23 as the trial court found.

## II.     Applicability of Miss. Code. Ann. Section 11-51-75.

¶10.     Plaintiffs also argue the trial court erred when it failed to address the sole issue the Board had raised in its motions to dismiss.  The Board, in its motions, had alleged the circuit court was without subject matter jurisdiction to hear the Plaintiffs' case because Plaintiffs were subject to the requirements of Miss. Code Ann. Section 11-51-75[1] and had failed to

---

[1] Miss. Code Ann. § 11-51-75 (Rev. 2002) provides in part:
Any person aggrieved by a judgment or decision of the board of supervisors, or municipal authorities of a city, town, or village, may appeal within ten (10) days from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision, and may embody the facts, judgment and decision in a bill of exceptions which shall be signed by the person acting as president of the board of supervisors or of the municipal authorities.

object to the rehiring of Jones within ten days of the Board's October 12, 2004 decision. *See Newell v. Jones County*, 731 So. 2d 580 (Miss. 1999) (holding that ten-day time limit to appeal is both mandatory and jurisdictional and an appellate court has no jurisdiction over an untimely filed appeal).

¶11.    Plaintiffs acknowledge they had no standing to seek redress for the Board's illegal decision under Miss. Code Ann. Section 11-51-75 because they have not alleged an injury separate and apart from that suffered by other citizens of Natchez.  As this Court has stated previously, "the fact that a person resides in a municipality alone is insufficient to confer standing" and "a party challenging a municipal decision under Miss. Code. Ann. § 11-51-75 has the burden of 'demonstrat[ing] a specific impact or harm felt by him that was not suffered by the general public'" in order to maintain suit.  *City of Jackson v. Greene*, 869 So. 2d 1020, 1024 (Miss. 2004) (quoting *Burgess v. City of Gulfport*, 814 So. 2d 149, 153 (Miss. 2002).  Plaintiffs make the unusual argument that the Board's motions to dismiss, which were predicated on the applicability of Miss. Code Ann. Section 11-51-75, should have been denied by the trial court upon a finding that they (Plaintiffs) did not have standing to proceed under the statute upon which the Board sought to have the action dismissed. Plaintiffs argue that if the trial judge had found they were without standing to proceed under Section 11-51-75, he would have been required to allow the Plaintiffs to maintain their action for a writ of mandamus as the only appropriate remedy available to them.

¶12.     We agree that plaintiffs do not have standing to obtain relief under Section 11-51-75, irrespective of the timeliness issue, because they did not plead any special injury in their complaints or even now on appeal.  We do not, however, agree with plaintiffs' contention that their lack of standing under Section 11-51-75 confers on them the right to pursue a mandamus action.  Though the trial court did not address the applicability of Section 11-51-75, this omission is of no consequence because we affirm the trial court's dismissal of this case for the reason stated below.

### III.     Plaintiffs' Right to Seek a Writ of Mandamus.

¶13.     Plaintiffs' third allegation of error is that the trial court erred in ruling it was without jurisdiction to hear their Complaint for Writ of Mandamus.  This State's mandamus statute states:

> On the complaint of the state, by its Attorney General or a district attorney, in any matter affecting the public interest, or **on the complaint of any private person who is interested**, the judgment shall be issued by the circuit court, commanding any inferior tribunal, corporation, board, officer, or person to do or not to do an act the performance or omission of which the law specially enjoins as a duty resulting from an office, trust, or station, where there is not a plain, adequate, and speedy remedy in the ordinary course of law. All procedural aspects of this action shall be governed by the Mississippi Rules of Civil Procedure.

Miss. Code Ann. § 11-41-1 (Rev. 2002) (emphasis added).  This Court has articulated a four-part test to determine if a party is entitled to obtain a writ of mandamus.  To obtain relief:

> it must affirmatively appear that four essential elements are present: (1) the petition must be brought by the officers or persons authorized to bring the suit; (2) there must appear a clear right in petitioner to the relief sought; (3) there must exist a legal duty on the part of the defendant to do the thing which the

7

petitioner seeks to compel; and (4) there must be an absence of another remedy at law.

*Board of Educ. of Forrest County v. Sigler*, 208 So. 2d 890, 892 (Miss. 1968) (citing *Board of Supervisors of Prentiss County v. Mississippi State Highway Comm'n*, 207 Miss. 839, 42 So.2d 802 (1949)). Plaintiffs claim they meet the four requirements for obtaining a writ of mandamus and that jurisdiction of this action was proper in circuit court.

       *1.      Petition Brought by Officers or Persons Authorized to Bring Suit.*

¶14.    Plaintiffs argue they have standing to bring the instant suit, citing *Hobson* "for the proposition that private citizens may resort to the remedy of mandamus to compel public officials and bodies to act only as to non-discretionary duties plainly required by law." *Hobson*, 848 So. 2d at 202 (citations omitted). They note that the mandamus statute authorizes the Attorney General, a district attorney, or "any private person who is interested" to bring a mandamus action. *See* Miss. Code Ann. § 11-41-1. Plaintiffs argue that they, as private citizens seeking to have their local officials comply with non-discretionary state laws, are interested parties who have standing to seek a writ of mandamus because they do not have standing to appeal the Board's decision under Miss. Code Ann. Section 11-51-75.

¶15.    As the Board points out, because Plaintiffs have previously taken the position that they have not suffered a separate or independent injury from the other citizens of Natchez, they do not have standing to pursue the instant mandamus action.[2] In *Osborn*, we dealt with a

---

[2] In the April 19th hearing, Plaintiffs' counsel stated that "[n]othing gives us standing. We never claimed to have any additional injury that every citizen doesn't have.

8

situation where a private person sought a writ of mandamus to require a public body to take an action he alleged was mandatory. We stated that a private person may petition for a writ of mandamus "if he can show an interest separate from or in excess of that of the general public" and that because the party seeking the writ admitted having "no separate interest, he was not a proper party to seek a writ of mandamus and the circuit judge should have dismissed the action for want of standing." *Osborn*, 605 So. 2d at 734 (*citing **Fondren v. State Tax Comm'n***, 350 So. 2d 1329, 1332 (Miss. 1977)).

¶16.    We find it disingenuous for the Plaintiffs to argue they were without standing to pursue a remedy on the grounds raised in Issues I & II, in an attempt to establish that a writ of mandamus was their only course of action, while asserting that they do have standing under the mandamus statute, when *Osborn* (which was cited in their own brief) clearly states that a private citizen must have a separate interest from the general public to seek a writ of mandamus. We, therefore, find the Plaintiffs were without standing to seek a writ of mandamus and that the trial court did not err in dismissing their complaint. Because Plaintiffs cannot meet the first requirement for seeking a writ of mandamus as articulated in *Sigler*, we decline to address whether they can meet the other requirements. Regardless of what other the remedies may or may not be available to Plaintiffs, it is clear they are not entitled to bring a mandamus action in the instant case.

---

That's for the appeal statute." While counsel was clearly taking the position that Plaintiffs did not have standing under the appeal statute, this statement applies with equal force to the mandamus statute.

**CONCLUSION**

¶17. We affirm the trial court's dismissal of Plaintiffs' Complaint for Writ of Mandamus. Though the trial court based its decision on an improper ground, Plaintiffs clearly did not have standing to pursue a mandamus action under Miss. Code Ann. Section 11-41-1, because they admitted that they did not suffer distinct injury from the other citizens of Natchez. *See Osborn*, 605 So. 2d at 734 (finding that a private person can only obtain a writ of mandamus upon showing "an interest separate from or in excess of that of the general public"). Though the trial judge's decision was based on the wrong legal grounds, he reached the right result, and his decision shall remain undisturbed. *See Briggs v. Benjamin*, 467 So. 2d 932, 934 (Miss. 1985) ("[A] long-standing rule of this Court is that we will not reverse a lower court's decision where that court reaches the right conclusion although for the wrong reason.") (citations omitted).

¶18. **AFFIRMED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON AND DICKINSON, JJ., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ AND RANDOLPH, JJ., NOT PARTICIPATING.**